IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ALEXIS DUNLAP, individually and as Personal Representative of the Estate of MiChance Dunlap-Gittens; and FRANK GITTENS,

Plaintiffs,

v.

KING COUNTY; MICHAEL GARSKE; TODD MILLER; JOSEPH ESHOM; and REED JONES;

Defendants.

No. _____

COMPLAINT

JURY DEMAND

Plaintiffs, ALEXIS DUNLAP, individually and as Personal Representative of the ESTATE OF MICHANCE DUNLAP-GITTENS, and FRANK GITTENS, by and through their attorneys, allege as follows:

**Introduction**

1. MiChance Dunlap-Gittens (Chance) was a loved, creative, ambitious 17 year-old boy just months away from high school graduation. Chance should be alive today.

2. Instead, Chance died as a teenager, shot and killed as he ran away from three King County Sheriff's Officers—Sgt. Todd Miller, Det. Joseph Eshom, and Det. Reed Jones—who leapt at him from an unmarked van as part of a

COMPLAINT - 1

**LOEVY & LOEVY**
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

recklessly supervised and unconstitutionally executed "sting" operation to seize a different teenager.

3. The officers who killed Chance were operating under the reckless direction and supervision of Defendant Miller and KCSO Detective Michael Garske.

4. The Defendants had no legal reason to seize or use force against Chance, but they lured him to the van, lying in wait, then flung the van door open and jumped out at him—and then shot him as he tried to run away back to his home.

5. Even after Chance tried to run, Defendants did not relent. They fired at least 12 shots at him, hitting him at least 8 times, eventually killing him with a shot to the head.

6. Despite this conduct, King County has approved and ratified the Defendant officers' actions. That is because those actions were consistent with King County policy, and they occurred because of King County's failure to adequately train, supervise, and discipline its officers. As a result, King County is liable for the violation of Chance's constitutional rights, and his unlawful death, as well.

7. Nothing can bring Chance back to his loving family, friends, and community. This action, brought under the United States Constitution and the laws of the State of Washington, nonetheless seeks some measure of justice for the wrongful, unjustified actions of King County officers who killed an African American teenager they knew nothing about, as he tried to run away from them.

## Parties

8. Alexis Dunlap is the mother of the late MiChance Dunlap-Gittens and the Personal Representative of his Estate.

9. Frank Gittens is the father of the late MiChance Dunlap-Gittens.

COMPLAINT - 2

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

10. MiChance Dunlap-Gittens (Chance) was seventeen (17) years old when the Defendants shot and killed him.

11. Defendant King County is a municipal corporation located in the Western District of Washington. At all times material to this Complaint, all the individual Defendants named herein were agents of King County, acting within the scope of their employment, and under color of state law.

12. Defendant Todd Miller was at all times material to this Complaint a King County Sheriff's Officer.

13. Defendant Joseph Eshom was at all times material to this Complaint a King County Sheriff's Officer.

14. Defendant Reed Jones was at all times material to this Complaint a King County Sheriff's Officer.

15. Defendant Michael Garske was at all times material to this Complaint a King County Sheriff's Officer.

16. At all times relevant, Defendants were acting under color of law and as agents of King County.

**Jurisdiction and Venue**

17. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C §§ 1331 and 1343.

18. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

19. Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Western District of Washington.

COMPLAINT - 3

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

**The Unjustified Shooting of Chance Dunlap-Gittens**

20. On January 27, 2017, Defendants were conducting an investigation of a 16-year-old black male, D.R.

21. As part of that investigation, Defendant Garske located D.R.'s Facebook account and learned D.R. was trying to sell bottles of alcohol.

22. Rather than seeking to interview D.R., make contact with him through an adult, or obtain a warrant for his arrest, Defendant Garske created and executed a plan to arrest D.R. by surprise in a nighttime, undercover sting operation.

23. Garske's plan involved: pretending to be a 15-year-old girl on Facebook; interacting with D.R. and asking to buy several bottles of alcohol; luring D.R. to an unmarked van at night for the purported alcohol purchase; and then having a troupe of undercover officers surprise D.R. by jumping out of the van and arresting him as he approached.

24. The individual Defendants agreed to follow this plan and Defendants Garske and Miller were set upon implementing it.

25. This plan was unreasonable, negligent, and reckless; it failed to follow accepted police practices; and it unreasonably escalated the likelihood that the encounter would result in a use of unnecessary force.

26. Via the fake Facebook account, pretending to be a teenage girl, Defendant Garske arranged to drive to D.R.'s location to purchase several bottles of alcohol from D.R.

27. As part of this plan, Defendants Miller, Eshom, and Jones hid in the back of an unmarked minivan as the "arrest team" whose job it would be to "jump out" on D.R., armed with firearms, when he got close to the van.

COMPLAINT - 4

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

28. Garske directed a female undercover officer to ride in the front of the van, posing as the 15-year-old girl, and speak to D.R. by phone to coax him down towards the van.

29. Chance was with D.R. and carried bottles of alcohol while D.R. spoke on the phone.

30. Defendants did not know who Chance was and did not suspect him of any crime.

31. Chance had absolutely nothing to do with the reason Defendants were investigating D.R.

32. Defendants had no contingency plan for what to do if another person accompanied D.R.

33. Despite the presence of an unknown teenager, Defendants did not call off the operation, call in any of the uniformed officers in marked police cars waiting nearby, or take any steps to ameliorate or avoid the danger in they had created.

34. Instead, they decided to seize him as well, in the same reckless manner and using the same excessive and unreasonable force. This decision was unreasonable, negligent, and reckless; it failed to follow accepted police practices; and it unreasonably escalated the likelihood that the encounter would result in a use of unnecessary force.

35. Each of the individual Defendants had the opportunity to intervene and call off the sting upon seeing an unexpected and unsuspected teenager approach the van with D.R.

36. Nonetheless, none of the individual Defendants intervened to prevent the unreasonable, negligent, reckless and unconstitutional actions that would follow.

COMPLAINT - 5

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

37. As the boys approached the van, Chance did not say anything or do anything that was threatening.

38. Instead, the officers could see that Chance was merely carrying bottles of alcohol and walking next to his friend, D.R.

39. As the boys neared the vehicle, and pursuant to the plan and the orders they had received, Defendants Miller, Eshom, and Jones threw open the door of the minivan and began "jumping out" on the boys.

40. Chance began to turn and run away.

41. In fleeing from the officers, Chance did not pose a threat to them or any other person.

42. Nonetheless, Defendants Miller, Eshom, and Jones began shooting at Chance.

43. At the time of these shots, Chance's arms were holding the bottles of alcohol the Defendants had induced the boys to carry to the van.

44. There was a pause in the shooting.

45. Chance continued to run up the driveway toward his mother's apartment.

46. As he ran, Chance was still carrying the bottles of alcohol in his arms.

47. Running for his life, Chance did not pose a threat to the officers or any other person.

48. Nonetheless, officers continued to shoot, striking Chance multiple times in his backside, including a non-survivable shot to the back of his head.

49. Mortally wounded, Chance fell to the ground, surrounded by the bottles he had been carrying.

COMPLAINT - 6

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

50. At no point was it reasonable for any of the officers to believe that Chance posed an imminent threat of serious bodily harm to the Defendants or anyone else.

51. After the shooting, Defendants falsely claimed that Chance threatened them with a firearm that was found down the driveway from where he fell.

52. Defendants failed to preserve or accurately document the scene, including but not limited to the location of Chance's body and other firearm and ballistic evidence.

53. Defendants failed to preserve or adequately test the physical evidence that could help determine the circumstances of the shooting.

54. Defendants failed to create an accurate crime scene log.

55. Defendants conducted the operation using a radio frequency that was not recorded.

56. Defendants' accounts of the operation and the shooting were both internally inconsistent and inconsistent with the physical evidence.

57. Defendant King County put out public statements claiming falsely that Chance had fired a gun at the officers despite the fact that never happened.

### King County's Responsibility for the Deadly Force Used Against Chance

58. In planning and executing their sting operation, the Defendant Officers failed to use ordinary care to avoid unreasonably escalating the encounter to the use of deadly force. Everything about the operation—including but not limited to ordering it to go forward without a risk analysis or written operations plan, conducting it at night, asking the juvenile target to approach the undercover vehicle carrying multiple dark objects, having the arrest team emerge from a confined space in the undercover vehicle with poor visibility, using officers who had gone days without sleep, wearing inconsistent uniforms, failing to call off the

COMPLAINT - 7

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

operation when a second, unknown teenager appeared at the scene, failing to utilize the waiting teams of uniformed officers in marked patrol cars to make the arrest—increased the risk that persons who were with D.R. would be unreasonably seized and injured or killed.

59. These actions were unreasonable, negligent, and reckless, and they failed to follow accepted police standards. King County is liable for these negligent actions by its officers, which foreseeably resulted in the unreasonable use of deadly force on innocent people at the scene of a planned police action.

60. Following the shooting, King County recognized that there were a number of deficiencies with this incident, including:

   a. There was no written operations plan for this specific incident;
   b. Inconsistent uniforms were used by the arrest team;
   c. There were unclear roles for the perimeter teams;
   d. The arrest team came out of the undercover vehicle;
   e. No marked vehicles or vehicles with police lights were utilized;
   f. Information concerning the operation was not adequately provided to deputies already patrolling the area;
   g. Deputies were unfamiliar with the re-banded radios;
   h. There were unclear roles for personnel involved in the incident to include command staff;
   i. Several officers lacked adequate training for undercover operations;
   j. The inner and outer perimeter units had unclear roles and timelines;
   k. The van was moved from the scene after the shooting.

61. The myriad failures described in the paragraphs above were due to, and were emblematic of, King County's inadequate and reckless policies,

COMPLAINT - 8

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

procedures, customs, and supervision regarding arrests for major crimes and the use of deadly force.

62. King County was deliberately indifferent to the fact that its inadequate and reckless policies, procedures, customs and supervision would be the moving force behind its sheriffs' officers using unnecessary and unreasonable force.

63. However, King County failed to implement any mechanisms that would have prevented the Miller-Garske operation, including but not limited to providing minimally adequate supervision at an appropriate command level, and enforcing established policies and rules.

64. Despite recognizing the numerous problems with the operation, when conducting its official review of the shooting, Defendant King County has found the officers' uses of deadly force, including the shots fired in Chance's back while he ran away, in accord with its policies, practices, and customs.

65. Upon information and belief, none of the Defendants were subject to any discipline as a result of their role in causing Chance's unjustified and unnecessary death or the violations of policy and reckless actions described above.

66. King County's ratification of the shooting continues, and its ratification and its failure to take corrective action reflects its deliberate indifference to the danger of constitutional violations and physical harm its policies and practices create.

67. Upon information and belief, King County has not implemented any changes that would fix the flaws in the policies and customs described above.

68. King County's policymakers' refusal to scrutinize the inconsistent statements of the Defendant Officers and contrast that to the physical evidence is part and parcel of the County's continued deliberate indifference to the risks created by its inadequate training, supervision, and discipline of sheriff's deputies who use

COMPLAINT - 9

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

excessive force or foreseeably create situations likely to lead to great bodily harm, injury, or even death.

### Plaintiffs' Immense Damages

69. Chance was 17 years old, and had a life expectancy for decades of vibrant living. Chance had a passion for life, a love of science, and plans to become a lawyer. However, he will never get to fulfill these plans, never have the opportunity to pursue his many life's ambitions, or raise a family of his own. The loss of his life itself was immeasurable.

70. As he ran up the hill for the safety of his home, Chance was shot numerous times before the shot in the back of his head. He experienced unthinkable pain, suffering, and fear for the imminent loss of his life. Chance continued to suffer before he passed away. Ultimately, and despite extensive medical interventions while he continued to suffer, Chance died.

71. As a result of the shooting and loss of their son, Alexis Dunlap and Frank Gittens suffered injury to their child and their relationship with Chance. They have suffered, and continue to suffer, serious emotional harm as a result of Defendants' deliberate and reckless conduct.

72. As a proximate result of the Defendants' unlawful conduct described above, Plaintiffs have incurred medical and funeral expenses, lost earnings and earning capacity, suffered physical and emotional pain, suffering, and disfigurement, lost liberty, lost the enjoyment of life, and suffered other special and general damages.

### Count I – Fourth Amendment

73. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

COMPLAINT - 10

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

74. As described in the preceding paragraphs, the Defendant Officers' actions toward Chance Dunlap-Gittens violated his constitutional rights guaranteed against state incursion by the Fourth and Fourteenth Amendments of the United States Constitution due to his unreasonable seizure of his person.

75. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others.

76. The conduct described in this Count was undertaken pursuant to the policies, practices, and customs of King County, such that the County is liable in the following ways:

   a. The County, through its approval of the Defendant Officers' actions, has ratified their conduct and thereby showed that the Defendant Officers acted pursuant to and in a manner consistent with the polices, customs, and practices of the County.

   b. As a matter of both policy and practice, the County encouraged, and was thereby the moving force behind, the misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so has manifested deliberate indifference;

   c. As a matter of both policy and practice, King County has facilitated the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby foreseeably leading its officers to believe their actions will never be meaningfully scrutinized and, in that way, encouraging and predictably resulting in unreasonable seizures uses of excessive force such as those Plaintiffs complain of;

   d. King County maintains written policies, but they were obviously deficient here and included a "gap" in policy that would have been

COMPLAINT - 11

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

obvious to create, given the frequency with which patrol officers conduct undercover operations likely to result in the threat or use of deadly force.

e. King County should be held liable for the unconstitutional actions of its officers engaged in as agents of the County, consistent with the common law as understood in 1871.

77. As a result of King County's actions, policies and practices, and the unjustified and unreasonable conduct of the Defendant Officers, Plaintiffs suffered injuries, including pain, suffering, emotional distress, death, and a host of other harms to be proved at trial.

## Count II—Failure to Intervene

78. Each of the paragraphs of this Complaint is incorporated as if fully stated here.

79. In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendants had the opportunity to intervene to prevent the violation of MiChance Dunlap-Gittens' constitutional rights, but failed to do so.

80. As a direct and proximate result of the Defendants' failure to intervene to prevent the violation of Plaintiff MiChance Dunlap Gittens' constitutional rights, Plaintiffs have suffered injuries, including those described above. The Individual Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

81. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiffs' clearly established constitutional rights.

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington  98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

**Count III—State Law Claim**
**Negligence**

82. Each of the paragraphs of this Complaint is incorporated as if fully stated here.

83. King County, through its officers, owes a duty of care to persons with whom they foreseeably interact in a planned, police-initiated operation involving the likely use of deadly force, to take reasonable care so not to cause foreseeable harm in the course of such law enforcement interactions.

84. King County owed such a duty to MiChance Dunlap-Gittens and the actions of its agents and officers breached that duty.

85. This breach proximately caused MiChance Dunlap-Gittens severe injury and death, as described and alleged above.

86. King County is liable to the Estate of MiChance Dunlap-Gittens for the negligent actions of its officers which proximately caused him injury and death.

87. King County is liable to Plaintiffs Alexis Dunlap and Frank Gittens for the deliberately indifferent, reckless and negligent actions of its officers which proximately caused injury to their child and destroyed their parent-child relationship.

**Count IV—State Law Claim**
**Wrongful Death**

88. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

89. All Defendants are liable for damages arising from their' unlawful conduct that caused Chance's death in that Chance's injuries and death were caused by the Defendant' wrongful acts, neglect, carelessness, unskillfulness, or default by the Defendant Officers and others acting as agents of King County.

COMPLAINT - 13

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington  98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

90. The Defendant' actions as described in this Complaint were a substantial factor in bringing about MiChance Dunlap-Gittens' death, and without those actions, the death of Chance would not have occurred.

91. Alexis Dunlap and Frank Gittens have suffered destruction to their parent child relationship, loss of companionship and mental anguish as a result of the wrongful death of their son.

### Count V—State Law Claim
*Survival*

92. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

93. Plaintiff Alexis Dunlap is the legal representative authorized to pursue these claims against Defendants.

94. Prior to his death, MiChance Dunlap-Gittens suffered serious personal injuries including but not limited to severe pain and emotional distress.

95. All Defendants are liable for these damages arising from the Defendants' unlawful conduct that caused Chance severe pain and emotional distress in that Chance's injuries were caused by the Defendants' wrongful acts, deliberate indifference, recklessness, neglect, carelessness, unskillfulness, or default while acting as agents of King County.

96. The Defendant Officers' actions as described in this Complaint were a substantial factor in bringing about the injuries described in this Count, and without those actions, these injuries would not have occurred.

### Count VI—State Law Claim
*Indemnification*

97. Each paragraph of this Complaint is incorporated as if restated fully herein.

COMPLAINT - 14

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

98. In committing the acts alleged in the preceding paragraphs, the Defendant Officers acted at all relevant times within the scope of their employment for King County.

99. As a result, pursuant to State Law, King County must indemnify the Defendant Officers for any judgment against them.

### Count VII—State Law Claim
### Outrage

100. Each paragraph of this Complaint is incorporated as if restated fully herein.

101. King County's agents engaged in extreme and outrageous conduct against MiChance Dunlap-Gittens, by luring him into a dangerous situation, lying in wait, flinging a van door open, jumping out at him and then opening fire at him and continuing to do so even as he attempted to run away. This conduct was intentional, and caused MiChance Dunlap-Gittens severe emotional distress who was the recipient of the extreme and outrageous conduct.

### Count VIII—*Respondeat Superior*

102. Each paragraph of this Complaint is incorporated as if restated fully herein.

103. In committing the acts alleged in the preceding paragraphs, the Defendant Officers acted at all relevant times within the scope of their employment for King County.

104. Defendant King County, as principal, is liable for all torts, including Counts III-VIII above, committed by its agents.  King County, as principal, should also be liable for the constitutional violations committed by its officers, pursuant to the common law as understood in 1871, and because by law and County ordinance it

COMPLAINT - 15

LOEVY & LOEVY
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

is wholly responsible for providing the defense of the individual Defendant Officers and for indemnifying them against any judgment or verdict that may result.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendants KING COUNTY; MICHAEL GARSKE; TODD MILLER; JOSEPH ESHOM; and REED JONES; award compensatory damages and attorneys' fees, as well as punitive damages against MICHAEL GARSKE; TODD MILLER; JOSEPH ESHOM; and REED JONES; and enter any additional relief this Court deems just and appropriate. Plaintiffs prays that should a judgment be entered against KING COUNTY that injunctive relief be entered so that the policies, practices, and customs of the Department that led to the tragic death of MiChance Dunlap-Gittens can be reformed and, hopefully, prevent further damage to the community in the future.

DATED this 26th day of September, 2019.

LOEVY & LOEVY


By /s/ *David B. Owens*
David B. Owens, WSBA #53856
100 S. King St. #100-748
Seattle, WA 98104
Telephone: 312-243-5900
Fax: 312-243-5092
Email: david@loevy.com

*Attorney for Alexis Dunlap and the Estate of MiChance Dunlap-Gittens*


MacDONALD HOAGUE & BAYLESS


By /s/ *Tiffany M. Cartwright*

COMPLAINT - 16

**LOEVY & LOEVY**
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101

                Tiffany M. Cartwright, WSBA #43564

By /s/*Timothy K. Ford*
       Timothy K. Ford, WSBA #5986
       705 2nd Ave. Suite 1500
       Seattle, WA 98104
       Telephone: 206-622-1604
       Fax: 206-343-3961
       Email: tiffanyc@mhb.com
              TimF@mhb.com

*Attorneys for Alexis Dunlap and the Estate of MiChance Dunlap-Gittens*


P. BOSMANS LAW


By /s/*Patricia Bosmans*
       Patricia Bosmans, WSBA #9148
       Email: PBosmans_law@outlook.com

*Attorney for Alexis Dunlap and the Estate of MiChance Dunlap-Gittens*


JAMES BIBLE LAW GROUP


By /s/*James Bible*
       James Bible, WSBA #33985
       14205 SE 36th Street, Suite 100
       Bellevue, WA 98006
       Telephone: 425-519-3675
       Email: james@biblelawgroup.com

*Attorney for Plaintiff Frank Gittens*

COMPLAINT - 17

**LOEVY & LOEVY**
100 S. KING ST, #100-748
Seattle, Washington 98104
T: 312-243-5900, Fax: 312-243-5092

11770.0 mi250101